## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

TRISTAN SKAGGS, BETTY TYLER, as Special )
Administrator of the Estate of WILLIAM TYLER, )
Deceased, and PATRICIA THOMAS, as Special )
Administrator of the Estate of MARCUS THOMAS, )
Deceased, `

      Plaintiffs,

vs.

CITY OF CHICAGO, a Municipal Corporation, )
MICHAEL BOCARDO, Individually and as an )
Employee of the City of Chicago, JOSEPH GORMAN, )
Individually and as an Employee of the City of Chicago, )
JAMES SANCHEZ, Individually and as an Employee )
of the City of Chicago, JOHN ROBERTS, Individually )
and as an Employee of the City of Chicago, and )
JOHN GRAHAM, Individually and as an Employee )
of the City of Chicago, )
                               )

      Defendants.            )

**08CV3768**
**JUDGE COAR**
**MAG. JUDGE NOLAN**

**FILED**

JUL – 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COMPLAINT AT LAW

NOW COMES Plaintiffs, TRISTAN SKAGGS, BETTY TYLER, as Special

Administrator of the Estate of WILLIAM TYLER, deceased, and PATRICIA THOMAS,

as Special Administrator of the Estate of MARCUS THOMAS, deceased, by and through

their attorneys, David T. Odom & Associates, and for their complaint against the CITY

OF CHICAGO, a Municipal Corporation, MICHAEL BOCARDO, individually and as an

employee of the City of Chicago, JOSEPH GORMAN, individually and as an employee

of the City of Chicago, JAMES SANCHEZ, individually and as an employee of the City

of Chicago, JOHN ROBERTS, individually and as an employee of the City of Chicago,

and JOHN GRAHAM, individually and as an employee of the City of Chicago, state as

follows:

## I. INTRODUCTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against the Defendants named above. As alleged below, the Defendant City of Chicago Police Officers shot and killed Plaintiffs, Marcus Thomas and William Tyler, and shot and injured Plaintiff, Tristan Skaggs, without just cause or provocation in violation of the aforementioned statutes and Constitutional Amendments.

## II. JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## III. PARTIES

3.      Plaintiff, Tristan Skaggs ("Skaggs"), was at all times relevant hereto a resident of Chicago, Illinois.

4.      Plaintiff, Patricia Thomas, is the Special Administrator of the Estate of Marcus Thomas, deceased, and is a resident of Chicago, Illinois.

5.      Marcus Thomas ("Thomas"), deceased, was at all times relevant hereto a resident of Chicago, Illinois.

6.      Plaintiff, Betty Tyler, is the Special Administrator of the Estate of William Tyler, deceased, and is a resident of Chicago, Illinois.

7.      William Tyler ("Tyler"), deceased, was at all times relevant hereto a resident of Chicago, Illinois.

8.      Defendant, City of Chicago, is a municipal corporation located in Chicago, Illinois, and is a corporate body that operates and maintains the Chicago Police Department.

9.     Defendant, Michael Bocardo, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.

10.    Defendant, Joseph Gorman, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.

11.    Defendant, James Sanchez, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.

12.    Defendant, John Roberts, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.

13.    Defendant, John Graham, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.

## IV. COMMON ALLEGATIONS

14.    On the afternoon of October 30, 2006, Skaggs, Thomas and Tyler were riding in a black 2006 Pontiac Grand Am traveling eastbound on Chicago Avenue in Chicago, Illinois. Thomas was driving, Skaggs was seated in the front passenger seat and Tyler was seated in the back seat.

15.    Unbeknownst to Plaintiffs, they were under police surveillance.

3

16.     Several Chicago police officers – including the individual Defendants --

were following the Plaintiffs in unmarked police cars. In addition to tailing the Plaintiffs,

Chicago police officers were tapping and intercepting the Plaintiffs' cellular telephone

conversations.

17.     The officers tailing the Plaintiffs were part of the Chicago Police

Department's Gang Intelligence Unit. They were tailing the Plaintiffs as part of an

investigation geared toward curtailing the violent activity of two Chicago street gangs –

the Traveling Vice Lords and the New Breeds.

18.     The subject Police Officers conducting the surveillance believed Thomas

and Tyler were members of the New Breeds. The officers did not know Skaggs to be

member of the New Breeds or the Traveling Vice Lords.

19.     Plaintiffs turned onto Kedzie Avenue and proceeded northbound toward

Augusta Boulevard.

20.     As the Plaintiffs approached Augusta Boulevard, Skaggs noticed that they

were being followed by an unmarked police car and mentioned that fact during a cell

phone conversation with a man named Lamel Burns. Because Chicago police officers

were tapping Lamel Burns' telephone, they heard Skaggs state that Plaintiffs were being

followed.

21.     Upon learning that they had been spotted, the officers tailing the Plaintiffs

ordered the Plaintiffs over a loudspeaker to pull over and stop and the car.

22.     The Plaintiffs complied immediately with police officer's command and

curbed the car near the intersection of Kedzie and Augusta.

4

## THE MASSACRE

23.    Moments after the Plaintiffs' car stopped, several unmarked police cars sped to the scene and parked behind the Grand Am.  Approximately seven police cars blocked Kedzie Avenue behind the Plaintiffs.

24.    All three Plaintiffs extended their empty hands out of the car windows to demonstrate to the police that they posed no threat.

25.    Defendant Officer Bocardo approached the Grand Am from the rear on the driver's side with his service weapon drawn.  The officer stopped several feet behind the car and inexplicably, opened fire.

26.    All of the Defendant officers followed Bocardo's lead and opened fire on the Grand Am.

27.    The Grand Am was riddled with scores of bullets.

28.    Thomas and Tyler were fatally wounded during the police onslaught.

29.    Miraculously, Skaggs was able to crawl out the front passenger door without being hit. Once out of the car, Skaggs lay face-down on the pavement with his hands locked behind his head.

30.    After several moments, the shooting finally stopped.  Skaggs did not move.  He remained on his belly with his hands behind his head.

31.    In what can only be described as a heartless act, Defendant Bocardo walked over to Skaggs and shot him, point blank, in the back.

32.    Bocardo's bullet ripped through Skaggs' body, destroying and poisoning vital organs. After being shot, Skaggs summoned the strength to roll over and face his

assailant. Skaggs looked Bocardo in the eye and asked: "Why did you shoot me?" to which Bocardo responded: "It doesn't matter 'cause you're dead motherfucker."

33.    Contrary to Bocardo's prediction, Skaggs survived.

34.    The shooting stopped completely when it was clear that Skaggs, Thomas and Tyler had all suffered vital injuries. The police officers then recovered two guns from the Grand Am. Neither weapon however, had been discharged. All the shots fired came from the Defendant Police Officers.

35.    At no time during the events described above did the Plaintiffs pose a threat to the safety of any of the Defendant Police Officers.

36.    The Defendant Police Officers' actions violated Skaggs', Thomas' and Tyler's federal constitutional rights.

COUNT I
(42 U.S.C. § 1983 Against City and Michael Bocardo)

37.    Plaintiff, Tristan Skaggs, restates and incorporates by reference paragraphs 1 – 36 of the Common Allegations as though they were fully stated in Count I.

38.    At all times relevant hereto and pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff, Tristan Skaggs, had a right to be free from unreasonable search and seizure of his person and/or the use of excessive force against his person.

39.    Defendant, Michal Bocardo, violated Tristan Skaggs' Constitutional rights by shooting Skaggs in the back while he lay face down on the pavement. Bacardo's shooting of Skaggs was without legal justification or provocation.

40.     Bocardo's actions caused Tristan Skaggs to suffer damages, including great bodily harm.

WHEREFORE, Plaintiff, Tristan Skaggs, demands judgment in his favor and against Defendants, City of Chicago and Michael Bocardo, for:

a.     Compensatory Damages in an amount in excess of $20,000,000;

b.     Punitive Damages;

c.     Reasonable attorneys' fees, costs and interest; and

d.     Any and all other relief as appears reasonable and just under the circumstances.

<u>COUNT II</u>
(12 U.S.C. § 1983 Against All Defendants)

41.     Plaintiff, Marcus Thomas, restates and incorporates by reference paragraphs 1 – 36 of the Common Allegations as though they were fully stated in Count II.

42.     At all times relevant hereto and pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff, Marcus Thomas, had a right to be free from unreasonable search and seizure of his person and/or the use of excessive force against his person.

43.     All of the Defendant Police Officers violated Marcus Thomas' Constitutional rights by shooting into the car without legal justification or provocation.

44.     The Defendant Police Officers' actions caused Marcus Thomas to suffer damages, including great bodily harm and death.

7

WHEREFORE, Plaintiff, Estate of Marcus Thomas, demands judgment in its favor and against Defendants, City of Chicago, Michael Bocardo, Joseph Gorman, James Sanchez, John Roberts and John Graham for:

    a.  Compensatory Damages in an amount in excess of $50,000,000;

    b.  Punitive Damages;

    c.  Reasonable attorneys' fees, costs and interest; and

    d.  Any and all other relief as appears reasonable and just under the circumstances.

<u>COUNT III</u>
(12 U.S.C. § 1983 Against All Defendants)

45.    Plaintiff, William Tyler, restates and incorporates by reference paragraphs 1 – 36 of the Common Allegations as though they were fully stated in Count I.

46.    At all times relevant hereto and pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff, William Tyler, had a right to be free from unreasonable search and seizure of his person and/or the use of excessive force against his person.

47.    All of the Defendant Police Officers violated William Tyler's Constitutional rights by shooting into the car without legal justification or provocation.

48.    The Defendant Police Officers' actions caused William Tyler to suffer damages, including great bodily harm and death.

WHEREFORE, Plaintiff, William Tyler, demands judgment in his favor and

against Defendants, City of Chicago, Michael Bocardo, Joseph Gorman, James Sanchez,

John Roberts and John Graham for:

    a.  Compensatory Damages in an amount in excess of $50,000,000;

    b.  Punitive Damages;

    c.  Reasonable attorneys' fees, costs and interest; and

    d.  Any and all other relief as appears reasonable and just under the

       circumstances.

TRISTAN SKAGGS, BETTY TYLER, as Special
Administrator of the Estate of WILLIAM TYLER,
deceased, and PATRICIA THOMAS, as Special
Administrator of the Estate of MARCUS THOMAS
deceased

By _____

One of Their Attorneys

David T. Odom
David T. Odom & Associates, P.C.
24724 Royal Lytham Drive
Naperville, Illinois 60564
(630) 904-0619