**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRISTAN SKAGGS, BETTY TYLER, as Special Administrator of the Estate of WILLIAM TYLER, Deceased, and PATRICIA THOMAS, as Special Administrator of the Estate of MARCUS THOMAS, Deceased, | ) ) ) ) ) 08 C 3768 |
| Plaintiffs, | ) ) ) |
| | ) JUDGE COAR |
| v. | ) ) Magistrate Judge Nolan |
| CITY OF CHICAGO, a Municipal Corporation, MICHAEL BOCARDO, Individually and as an Employee of the City of Chicago, JOSEPH GORMAN, Individually and as an Employee of the City of Chicago, JAMES SANCHEZ, Individually and as an Employee of the City of Chicago, JOHN ROBERTS, Individually and as an Employee of the City of Chicago, and JOHN GRAHAM, Individually and as an Employee of the City of Chicago, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) JURY DEMAND |

**DEFENDANTS ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendants, City of Chicago ("City"), Michael Bocarado ("Sgt. Bocardo"), John Graham (Det. Graham"), Joseph Gorman ("Lt. Gorman"), James Sanchez ("Sgt. Sanchez"), and John Roberts ("Sgt. Roberts"), by one of their attorneys, Josh M. Engquist, Special Litigation Counsel for the City of Chicago for their answer defenses and jury demand to plaintiff's amended complaint, state as follows:

**I. <u>INTRODUCTION</u>**

**1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against the Defendants named above.  As alleged below, the Defendant City of Chicago Police Officers shot and killed Plaintiffs, Marcus Thomas and William Tyler, and shot and injured Plaintiff, Tristan Skaggs, without just cause or provocation in violation of the**

aforementioned statutes and Constitutional Amendments.

**ANSWER:**    Defendants admit that Plaintiffs and their counsel have filed this action

against Defendants for money damages pursuant to 42 U.S.C. §§ 1983 and 1988 and are alleging

violations of th Fourth and Fourteenth Amendments of the United States Constitution.

Defendants deny the remaining allegations in this paragraph.

## II. JURISDICTION

2.    **This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.**

**ANSWER:**    Defendants admit the allegations in this paragraph

## III. PARTIES

3.    **Plaintiff, Tristan Skaggs ("Skaggs"), was at all times relevant hereto a resident of Chicago, Illinois.**

**ANSWER:**    Defendants, on information and belief, admit the allegations in this paragraph.

4.    **Plaintiff, Patricia Thomas, is the Special Administrator of the Estate of Marcus Thomas, deceased, and is a resident of Chicago, Illinois.**

**ANSWER:**    Defendants, on information and belief, admit the allegations in this paragraph.

5.    **Marcus Thomas ("Thomas"), deceased, was at all times relevant hereto a resident of Chicago, Illinois.**

**ANSWER:**    Defendants, on information and belief, admit the allegations in this paragraph.

6.    **Plaintiff, Betty Tyler, is the Special Administrator of the Estate of William Tyler, deceased, and is a resident of Chicago, Illinois.**

**ANSWER:**    Defendants, on information and belief, admit the allegations in this paragraph.

7.     **William Tyler ("Tyler"), deceased, was at all times relevant hereto a resident of Chicago, Illinois.**

**ANSWER:**     Defendants, on information and belief, admit the allegations in this

paragraph.

8.     **Defendant, City of Chicago, is a municipal corporation located in Chicago, Illinois, and is a corporate body that operates and maintains the Chicago Police Department.**

**ANSWER:**     Defendants admit the allegations in this paragraph.

9.     **Defendant, Michael Bocardo, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.**

**ANSWER:**     Defendants admit that Sgt. Bocardo is an adult resident of Chicago,

Illinois and at all times relevant to Plaintiffs' complaint was employed as a City of Chicago

Police Officer.  Defendants further admit that Sgt. Bocardo is being sued in his individual

capacity.  Defendants deny the remaining allegations in this paragraph.

10.     **Defendant, Joseph Gorman, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.**

**ANSWER:**     Defendants admit that Lt. Gorman is an adult resident of Chicago, Illinois

and at all times relevant to Plaintiffs' complaint was employed as a City of Chicago Police

Officer.  Defendants further admit that Lt. Gorman is being sued in his individual capacity.

Defendants deny the remaining allegations in this paragraph.

11.     **Defendant, James Sanchez, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.**

**ANSWER:**     Defendants admit that Sgt. Sanchez is an adult resident of Chicago,

Illinois and at all times relevant to Plaintiffs' complaint was employed as a City of Chicago

Police Officer.  Defendants further admit that Sgt. Sanchez is being sued in his individual

capacity.  Defendants deny the remaining allegations in this paragraph.

**12.    Defendant, John Roberts, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.**

<u>**ANSWER:**</u>    Defendants admit that Sgt. Roberts is an adult resident of Chicago, Illinois

and at all times relevant to Plaintiffs' complaint was employed as a City of Chicago Police

Officer.  Defendants further admit that Sgt. Roberts is being sued in his individual capacity.

Defendants deny the remaining allegations in this paragraph.

**13.    Defendant, John Graham, is an adult resident of Chicago, Illinois and at all times relevant hereto was employed as a City of Chicago Police Officer. He is sued in his individual and official capacities.**

<u>**ANSWER:**</u>    Defendants admit that Det. Graham is an adult resident of Chicago,

Illinois and at all times relevant to Plaintiffs' complaint was employed as a City of Chicago

Police Officer.  Defendants further admit that Det. Graham is being sued in his individual

capacity.  Defendants deny the remaining allegations in this paragraph.

### IV. COMMON ALLEGATIONS

**14.    On the afternoon of October 30, 2006, Skaggs, Thomas and Tyler were riding in a black 2006 Pontiac Grand Am traveling eastbound on Chicago Avenue in Chicago, Illinois. Thomas was driving, Skaggs was seated in the front passenger seat and Tyler was seated in the back seat.**

<u>**ANSWER:**</u>    Defendants deny the allegations that Thomas was driving and Tyler was in

the backseat.  Defendants admit the remaining allegations in this paragraph.

**15.    Unbeknownst to Plaintiffs, they were under police surveillance.**

<u>**ANSWER:**</u>    Defendants admit that Plaintiffs were under police surveillance, but lack

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

4

allegations in this paragraph.

16.    **Several Chicago police officers - including the individual Defendants ~ were following the Plaintiffs in unmarked police cars. In addition to tailing the Plaintiffs, Chicago police officers were tapping and intercepting the Plaintiffs' cellular telephone conversations.**

**ANSWER:**    Defendants deny that the individual Defendants were in "unmarked police cars" and further deny that Plaintiffs' cellular telephones were tapped.  Defendants admit the remaining allegations in this paragraph.

17.    **The officers tailing the Plaintiffs were part of the Chicago Police Department's Gang Intelligence Unit. They were tailing the Plaintiffs as part of an investigation geared toward curtailing the violent activity of two Chicago street gangs -the Traveling Vice Lords and the New Breeds.**

**ANSWER:**    Defendants admit the allegations in this paragraph.

18.    **The subject Police Officers conducting the surveillance believed Thomas and Tyler were members of the New Breeds. The officers did not know Skaggs to be member of the New Breeds or the Traveling Vice Lords.**

**ANSWER:**    Defendants admit that the individual Defendants did not know the gang affiliation(s) of Skaggs on the date and time in question.  Defendants admit the remaining allegations in this paragraph.

19.    **Plaintiffs turned onto Kedzie Avenue and proceeded northbound toward Augusta Boulevard.**

**ANSWER:**    Defendants deny the allegations in this paragraph.

20.    **As the Plaintiffs approached Augusta Boulevard, Skaggs noticed that they were being followed by an unmarked police car and mentioned that fact during a cell phone conversation with a man named Lamel Burns. Because Chicago police officers were tapping Lamel Burns' telephone, they heard Skaggs state that Plaintiffs were being followed.**

**ANSWER:**    Defendants deny that Plaintiffs were being followed by "unmarked police cars".  Defendants admit that during a cell phone conversation between Skaggs and Lamel

5

Burns, Skaggs did indicate that they were being followed.  Defendants further admit that a

Chicago Police Officer was monitoring a tap on the phone of Lamel Burns at that time.

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph

21.     **Upon learning that they had been spotted, the officers tailing the Plaintiffs ordered the Plaintiffs over a loudspeaker to pull over and stop and the car.**

**ANSWER:**     Defendants deny the allegations in this paragraph.

22.     **The Plaintiffs complied immediately with police officer's command and curbed the car near the intersection of Kedzie and Augusta.**

**ANSWER:**     Defendants deny the allegations in this paragraph

23.     **Moments after the Plaintiffs' car stopped, several unmarked police cars sped to the scene and parked behind the Grand Am.  Approximately seven police cars blocked Kedzie Avenue behind the Plaintiffs.**

**ANSWER:**     Defendants deny the allegations in this paragraph.

24.     **All three Plaintiffs extended their empty hands out of the car windows to demonstrate to the police that they posed no threat**.

**ANSWER:**     Defendants deny the allegations in this paragraph.

25.     **Defendant Officer Bocardo approached the Grand Am from the rear on the driver's side with his service weapon drawn. The officer stopped several feet behind the car and inexplicably, opened fire.**

**ANSWER:**     Defendants admit that Sgt. Bocardo did approach the stolen Grand Am

from the rear and did have his weapon drawn.  Defendants further admit that Sgt. Bocardo did

fire his weapon on the date in question, but deny the chronology alleged by plaintiffs.

Defendants deny the remaining allegations in this paragraph.

26.     **All of the Defendant officers followed Bocardo's lead and opened fire on the Grand Am.**

**ANSWER:**     Defendants deny the allegations in this paragraph.

6

27.    **The Grand Am was riddled with scores of bullets.**

**ANSWER:**    Defendants admit the allegations in this paragraph.

28.    **Thomas and Tyler were fatally wounded during the police onslaught**.

**ANSWER:**    Defendants admit that both Thomas and Tyler were fatally wounded by

the police.  Defendants deny the remaining allegations in this paragraph.

29.    **Miraculously, Skaggs was able to crawl out the front passenger door without being hit. Once out of the car, Skaggs lay face-down on the pavement with his hands locked behind his head.**

**ANSWER:**    Defendants admit that Skaggs did exit the vehicle from the passenger

door, but deny the remaining allegations in this paragraph.

30.    **After several moments, the shooting finally stopped. Skaggs did not move. He remained on his belly with his hands behind his head.**

**ANSWER:**    Defendants deny the allegations in this paragraph.

31.    **In what can only be described as a heartless act, Defendant Bocardo walked over to Skaggs and shot him, point blank, in the back.**

**ANSWER:**    Defendants deny the allegations in this paragraph

32.    **Bocardo's bullet ripped through Skaggs' body, destroying and poisoning vital organs. After being shot, Skaggs summoned the strength to roll over and face his assailant. Skaggs looked Bocardo in the eye and asked: "Why did you shoot me?" to which Bocardo responded: "It doesn't matter 'cause you're dead motherfucker."**

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in this paragraph regarding the injuries allegedly sustained

by Skaggs.  Defendants deny the remaining allegations in this paragraph.

33.    **Contrary to Bocardo's prediction, Skaggs survived.**

**ANSWER:**    Defendants admit the plaintiff Skaggs did survive, but deny the remaining

allegations in this paragraph.

7

34.    The shooting stopped completely when it was clear that Skaggs, Thomas and Tyler had all suffered vital injuries. The police officers then recovered two guns from the Grand Am. Neither weapon however, had been discharged. All the shots fired came from the Defendant Police Officers.

ANSWER:    Defendants admit that two weapons, a 9mm semi-automatic handgun and an AK-47, were recovered from the scene. Defendants further admit, on information and belief, that neither weapon had been discharged during the incident and that all shots fired at the scene were from Chicago Police Officers. Defendants deny the remaining allegations in this paragraph.

35.    At no time during the events described above did the Plaintiffs pose a threat to the safety of any of the Defendant Police Officers.

ANSWER:    Defendants deny the allegations in this paragraph.

36.    The Defendant Police Officers' actions violated Skaggs', Thomas' and Tyler's federal constitutional rights.

ANSWER:    Defendants deny the allegations in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 Against City and Michael Bocardo)

37.    Plaintiff, Tristan Skaggs, restates and incorporates by reference paragraphs 1-36 of the Common Allegations as though they were fully stated in Count I.

ANSWER:    Defendants' answers to paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38.    At all times relevant hereto and pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff, Tristan Skaggs, had a right to be free from unreasonable search and seizure of his person and/or the use of excessive force against his person.

ANSWER:    Defendants admit the allegations in this paragraph, but deny any violation of plaintiff's Fourth and/or Fourteenth Amendment rights.

39.    Defendant, Michael Bocardo, violated Tristan Skaggs' Constitutional rights

8

by shooting Skaggs in the back while he lay face down on the pavement. Bacardo's shooting of Skaggs was without legal justification or provocation.

**ANSWER:**    Defendants deny the allegations in this paragraph.

**40.    Bocardo's actions caused Tristan Skaggs to suffer damages, including great bodily harm**.

**ANSWER:**    Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants, City of Chicago and Michael Bocarado, pray that this Court

enter judgment in their favor and against plaintiff; award them such costs as provided by law;

and grant such other and further relief as this Court deems just and proper.

## COUNT II
### (12 U.S.C. § 1983 Against All Defendants)

**41.    Plaintiff, Marcus Thomas, restates and incorporates by reference paragraphs 1 - 36 of the Common Allegations as though they were fully stated in Count II.**

**ANSWER:**    Defendants' answers to paragraphs 1 through 36 are incorporated herein

by reference as though fully set forth.

**42.    At all times relevant hereto and pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff, Marcus Thomas, had a right to be free from unreasonable search and seizure of his person and/or the use of excessive force against his person.**

**ANSWER:**    Defendants admit the allegations in this paragraph, but deny any violation

of plaintiff's Fourth and/or Fourteenth Amendment rights.

**43.    All of the Defendant Police Officers violated Marcus Thomas' Constitutional rights by shooting into the car without legal justification or provocation.**

**ANSWER:**    Defendants deny the allegations in this paragraph.

**44.    The Defendant Police Officers' actions caused Marcus Thomas to suffer damages, including great bodily harm and death.**

**ANSWER:**    Defendants deny the allegations in this paragraph.

9

WHEREFORE, Defendants City of Chicago, Michael Bocarado, John Graham, Joseph

Gorman, James Sanchez, and John Roberts pray that this Court enter judgment in their favor and

against plaintiff; award them such costs as provided by law; and grant such other and further

relief as this Court deems just and proper.

### COUNT III
### (12 U.S.C. § 1983 Against All Defendants)

**45.    Plaintiff, William Tyler, restates and incorporates by reference paragraphs
1-36 of the Common Allegations as though they were fully stated in Count I.**

**ANSWER:**    Defendants' answers to paragraphs 1 through 36 are incorporated herein

by reference as though fully set forth.

**46.    At all times relevant hereto and pursuant to 42 U.S.C. § 1983 and the Fourth
and Fourteenth Amendments to the United States Constitution, Plaintiff, William Tyler,
had a right to be free from unreasonable search and seizure of his person and/or the use of
excessive force against his person.**

**ANSWER:**    Defendants admit the allegations in this paragraph, but deny any violation

of plaintiff's Fourth and/or Fourteenth Amendment rights.

**47.    All of the Defendant Police Officers violated William Tyler's Constitutional
rights by shooting into the car without legal justification or provocation.**

**ANSWER:**    Defendants deny the allegations in this paragraph.

**48.    The Defendant Police Officers' actions caused William Tyler to suffer
damages, including great bodily harm and death.**

**ANSWER:**    Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants City of Chicago, Michael Bocarado, John Graham, Joseph

Gorman, James Sanchez, and John Roberts pray that this Court enter judgment in their favor and

against plaintiff; award them such costs as provided by law; and grant such other and further

relief as this Court deems just and proper.

10

## RULE 12(b)(6) DEFENSE

In order to establish municipal liability, plaintiff must show that "deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights."  Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 400 (1997) (hereafter "Bryan County") (citing Monell, 436 U.S. 658, 694 (1978)).  "A municipality may not be held liable under § 1983 solely because it employs a tortfeasor."  Bryan County, 520 U.S. at 403.  The Supreme Court has "consistently refused to hold municipalities liable under a theory of respondeat superior." Id. (citations omitted).  Therefore, Plaintiffs fail to state a claim against the City of Chicago in Counts I, II or III.

## AFFIRMATIVE DEFENSE

At all times material to the events alleged in Plaintiffs' complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Sgt. Bocardo, Det. Graham, Lt. Gorman, Sgt. Sanchez, and Sgt. Roberts could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.  Defendants, Sgt. Bocardo, Det. Graham, Lt. Gorman, Sgt. Sanchez, and Sgt. Roberts, therefore, are entitled to qualified immunity as a matter of law.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Respectfully submitted,

 /s/ Josh M. Engquist
JOSH M. ENGQUIST
Special Litigation Counsel

30 N. LaSalle St., Suite 1720
Chicago, Illinois 60602
(312) 744-7852
(312) 744-8373 (FAX)
ATTY. NO.  6242849